1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SMART CITY HOLDINGS, LLC, and SMART CITY NETWORKS, L.P., )
           )
      Plaintiffs, )
           )
vs. )
           )
SHOWNETS, LLC; and SCOTT NUSSBAUM, )
           )
      Defendants. )
_____)

Case No.: 2:13-cv-01751-GMN-GWF

**<u>ORDER</u>**

      This matter comes before the Court on Defendant Nussbaum's ("Defendant") Motion to Seal (#60) his Motion to Dismiss (#61), filed on October 21, 2013. This matter also comes before the Court on Plaintiffs/Counter-defendants Smart City Holdings and Smart City Networks' ("Plaintiffs") Motion to Seal (#65) their Motion to Dismiss (#66), filed on November 4, 2013.

      The Supreme Court has recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comm., Inc*., 435 U.S. 589, 597 n. 7 (1978). A narrow range of documents is not subject to the right of public access because the records have "traditionally been kept secret for important policy reasons." *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989). Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). A party moving to seal a dispositive motion must articulate "compelling reasons" supported by specific factual findings that "outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal citations omitted). In general, "compelling

1  reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records

2  exist when such "court files might have become a vehicle for improper purposes," such as the use

3  of records to gratify private spite, promote public scandal, circulate libelous statements, or release

4  trade secrets. *Nixon*, 435 U.S. at 598.

5  　　　Here, Defendant seeks to seal his Motion to Dismiss (#61) because it contains "direct

6  citations" from an exhibit marked "confidential."  Defendant's bare assertion that the quoted

7  material is "confidential" is insufficient to justify sealing a dispositive motion.  Defendant does not

8  articulate in his Motion to Seal (#60) any specific excerpts or quotes from the subject exhibit that

9  might "become a vehicle for improper purposes," *Nixon*, 435 U.S. at 598, nor does the Court find

10  any upon review of the Motion to Dismiss (#61).  Therefore, the Court will deny Defendant's

11  Motion to Seal.

12  　　　Similarly, in their Motion to Seal (#65), Plaintiffs merely state that "portions" of certain

13  deposition transcripts attached as exhibits to its Motion to Dismiss (#66) "contain and discuss trade

14  secrets[.]" Plaintiffs do not elaborate with specificity the nature of the trade secrets or any other

15  information that might cause harm if released.  Furthermore, although the Motion to Dismiss (#66)

16  cites to the transcripts, it does not, to the Court's recognition, quote or contain any trade secrets

17  purportedly within the transcripts.  Therefore, the Court will order Plaintiffs to file an unsealed

18  copy of their Motion to Dismiss (#66), and to file unsealed and redacted copies of its exhibits with

19  adequate justification for any redaction.  Accordingly,

20  　　　**IT IS HEREBY ORDERED** that Defendant Nussbaum's Motion to Seal (#60) is **denied**.

21  　　　**IT IS FURTHER ORDERED** Defendant Nussbaum shall file an unsealed copy of his

22  Motion to Dismiss (#61) within 5 days of the date of this Order.

23  ...

24  ...

25  ...

26  ...

27  ...

28  ...

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Seal (#65) is **granted** in part and **denied** in part as follows:

(1) Plaintiffs shall file an unsealed copy of their Motion to Dismiss (#66) within 5 days of the date of this Order;

(2) Plaintiffs shall file unsealed and redacted copies of the exhibits to their Motion to Dismiss (#66) along with a sealed explanation setting forth adequate reasons for any redaction.

DATED this 6th day of November, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

3