UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SMART CITY HOLDINGS, LLC and SMART CITY NETWORKS, L.P.,<br>      Plaintiffs,<br><br>vs.<br><br>SHOWNETS, LLC and SCOTT NUSSBAUM,<br>      Defendants. | Civil Action No. 2:13-cv-1751 |

IT IS HEREBY STIPULATED AND AGREED by and between counsel for Plaintiffs Smart City Holdings, LLC and Smart City Networks, L.P. (collectively "Smart City") and Defendants ShowNets, LLC ("ShowNets") and Scott Nussbaum ("Nussbaum") that the terms of this Protective Order ("Order") shall govern and apply to all documents, information contained in documents, and all other information or things produced or disclosed in connection with this action, whether produced by a party or non-party, and whether produced in a document, a discovery response, deposition or other testimony, or otherwise.

    **A.**  **Confidential Information & Highly Confidential Information.**

      1.  Subject to any party's right to challenge such a designation in accordance with paragraph B.6 below, any party or non-party that produces or otherwise supplies or furnishes any document, thing, testimony or other material (collectively referred to hereinafter as "Information") in this litigation (each a "Supplying Party") shall, through its counsel and subject to the provisions of paragraphs A.2 and A.3 below, have the right to designate such Information as "Confidential Information" or "Highly Confidential Information."

2. Each Supplying Party shall designate as "Confidential Information" only that Information which the Supplying Party reasonably and in good faith believes constitutes or contains non-public information that is confidential, proprietary and commercially and/or competitively sensitive in nature. Information designated as "Confidential Information" shall be used and disclosed only as provided in paragraph B.2 below.

3. Each Supplying Party shall designate as "Highly Confidential" only those narrow and discrete categories of Confidential Information which, if used or disclosed even in the restricted manner set forth in paragraph B.2 below, would, in the Supplying Party's reasonable and good faith belief, compromise and/or jeopardize the Supplying Party's business interests and therefore require even greater limitations on their use and/or disclosure. Information designated as "Highly Confidential Information" shall be used and disclosed only as provided in paragraph B.3 below.

4. "Confidential Information" and "Highly Confidential Information" shall be designated as such as follows:

   a. Documents (or copies thereof) constituting or containing Confidential Information or Highly Confidential Information shall be designated as such by marking or stamping each page thereof containing or constituting Confidential Information or Highly Confidential Information with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate. Documents produced in electronic form may be designated as Confidential Information of Highly Confidential Information by marking the data storage medium with the appropriate legend set forth in this subparagraph. In addition, the Supplying Party shall, to the extent reasonably possible, add the appropriate legend to the electronic file such that any print-out of the file contains the appropriate legend. If any receiving party prints

out electronic data that has been designated as Confidential Information of Highly Confidential Information but that does not contain the appropriate legend on the print-out, the receiving party shall affix the appropriate legend to each page of such print-out.

      b.      Testimony that constitutes or references Confidential Information (including, without limitation, testimony given at any deposition taken in connection with this action) shall be designated as such by:

      i.      orally indicating, on the record at the time the testimony is given, that such testimony constitutes Confidential Information or Highly Confidential Information, whereupon the stenographer shall mark each page of the transcript containing such testimony with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate; or

      ii.      notifying all other parties, in writing and within ten (10) business days after receipt of the signed transcript (and errata sheet, if any), of the specific pages and lines of the transcript that constitute Confidential Information and/or Highly Confidential Information, as appropriate, whereupon each party shall attach a copy of such written notification to the face of each copy of the transcript in its possession, custody or control. Prior to expiration of the ten-day period referenced in the foregoing sentence, the entire transcript shall be treated as Confidential Information.

      iii.      For the avoidance of any doubt, *any* party or non-party may designate testimony as Confidential Information or Highly Confidential Information, as appropriate, regardless of whether the testimony sought to be so designated is or was given by the party or non-party itself (or any of its present or former officers, directors, employees, agents or representatives), *provided that* the testimony sought to be so designated constitutes or

references Information belonging to, and produced, furnished or otherwise supplied by, the party seeking to designate the testimony and would otherwise appropriately be designated. Furthermore, where any document, transcript or interrogatory response (or any portion thereof) that has been designated Confidential Information or Highly Confidential Information is introduced as an exhibit in connection with any deposition or other testimony, all portions of such testimony (and any transcript reflecting the same) that reveal the contents of any such exhibit shall be considered Confidential Information or Highly Confidential Information, as appropriate, regardless of whether such testimony has been designated in the manner set forth in paragraph A.4.b.i or A.4.b.ii above.

      c. Interrogatory answers or other written discovery responses constituting or containing Confidential Information or Highly Confidential Information shall be designated as such by marking or stamping the beginning of each such answer or response with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate. Where a single document contains answers or responses to multiple interrogatories or discovery requests, each individual answer or response to be designated shall be separately so marked or stamped. Schedules, appendices, and attachments to, or documents otherwise provided with, interrogatory answers or other discovery responses shall be designated, if at all, in accordance with the procedures applicable to the designation of documents, as specified in paragraph A.4.a above.

    5. Where a non-party produces or otherwise furnishes Information in connection with this action that it originally obtained from one of the parties to this action (the parties to this action hereinafter referred to in this context as an "Original Supplying Party"), and where such Information would, if produced or furnished by the Original Supplying Party, be entitled to designation and treatment as Confidential Information or Highly Confidential

4

Information pursuant to the provisions of this Order, the Original Supplying Party may, upon written notice to all other parties, designate such Information as Confidential Information or Highly Confidential Information, as appropriate, in accordance with the procedures set forth in paragraph A.4 above and without regard to whether the non-party that produced or furnished that same Information has or has not designated the same Confidential Information or Highly Confidential Information. Upon such designation, the Original Supplying Party shall thereafter be treated as the Supplying Party of the Information so designated.

      6.    If any party to this litigation objects, at any stage of the proceedings in this action, to the designation of any Information as Confidential Information or Highly Confidential Information, the objecting party shall provide a written notice of the objection to the supplying party (or non-party) specifying, with reasonable particularity, the designated Information as to which an objection exists (an "Objection Notice"). The party receiving the objection notice shall have up to ten days to respond to the objection notice. If the party receiving the objection notice disputes the objection, then the parties shall have up to five days to conduct a discovery conference to resolve the objection notice. If the discovery conference is unsuccessful, then the objecting party may seek court assistance. The designated Information shall be treated as Confidential or Highly Confidential until resolved by an Order by the Court or a Stipulation by the Parties.

**B.    Treatment Of Confidential Information & Highly Confidential Information.**

      1.    Information designated as Confidential Information or Highly Confidential Information in accordance with this Order shall be used solely for purposes of evaluating, prosecuting and/or defending this litigation (and any appeals therefrom) and shall not be used by the parties, their counsel of record, or any other person to whom such Information is

disclosed, for any other purpose (including, without limitation, in connection with any other action or proceeding).

        2.    Information designated as "Confidential Information" in accordance with this Order shall not be disclosed or shown to anyone other than:

        a.    the parties, including those officers and employees of the parties to whom it is necessary to disclose such Information in connection with, but solely for the purposes of, evaluating, prosecuting or defending, or assisting in the evaluation, prosecution or defense of this litigation (or any appeals therefrom);

        b.    Outside counsel for the parties and all attorneys, paralegals, support staff, and clerical employees in their respective law firms to whom it is necessary to disclose such Information in connection with, and solely for the purposes of, evaluating, prosecuting and/or defending this litigation (and any appeals therefrom);

        c.    Persons, including but not limited to experts, consultants and vendors, employed or retained by any party or its attorneys in order to assist with, and solely for the purpose of, evaluating, prosecuting and/or defending this litigation (or any appeals therefrom), shall be independent of each Party and all competitors of each Party, shall not be employed by either Party or a competitor of either Party, and shall execute the Confidentiality Agreement;

        d.    The Court, persons employed by the Court, and stenographers or court reporters recording or transcribing testimony relating to this litigation; *provided, however,* that disclosures to the Court shall be subject to paragraph B.4 of this Order;

        e.    Any person not identified above from whom testimony as a witness will be offered in this litigation, *provided that* such persons may be shown such

Information only during his or testimony and, to the limited extent necessary, in preparation therefor;

    f.  Persons who, in addition to those identified above, are permitted access to such Information by order of the Court or upon stipulation of the Supplying Party after written notice (defined herein to include notice by regular mail, facsimile, and/or e-mail) to all parties; and

    g.  Auditors, regulators, insurers, reinsurers and actuaries for the parties, but only as and to the extent necessary and required by the same.

    h.  Before persons enumerated in paragraphs B.2.a, B.2.c, B.2.e or B.2.f above may receive any information designated as Confidential, the individual must be provided with a copy of this Order and must comply with paragraph 6 herein, including, without limitation, executing a copy of the Confidentiality Agreement annexed hereto as Exhibit A.

    3.  Information designated as "Highly Confidential Information" in accordance with this Order shall not be disclosed or shown to anyone other than:

    a.  Those persons enumerated under paragraphs B.2.b, B.2.c, B.2.d and B.2.f above, and;

    b.  Those persons enumerated under paragraphs B.2.c, B.2.e and B.2.f above, so long as such persons are not actively employed by a competitor of any party.

    c.  Before Highly Confidential Information may be disclosed to those persons enumerated in B.2.e and B.2.f above, the identity and background of such person must first be provided in writing to the Supplying Party, who shall have twenty (20) days from receipt of such information to file a motion challenging the provision of Highly

7

Confidential Information to that individual, and no Highly Confidential Information shall be provided to any such individual until the twenty (20) day period has elapsed or any timely motion has been decided, whichever is later.

        d.      Before persons enumerated in paragraphs B.2.c, B.2.e, or B.2.f above may receive any information designated as Highly Confidential, the individual must be provided with a copy of this Order and must comply with paragraph 6 herein, including, without limitation, executing a copy of the Confidentiality Agreement annexed hereto as Exhibit A.

        4.      If counsel for any party wishes to file with or submit to the Court any Information, or papers containing or referencing any Information, that has been designated as "Confidential Information" or "Highly Confidential Information" by another Supplying Party, such party shall file the Information and any motion or exhibit referencing the Information under seal.

        5.      Notwithstanding any other provision of this Order, and regardless of whether such Information has been designated as Confidential Information or Highly Confidential Information in accordance with this Order:

        a.      any Supplying Party may use and disclose its own Information without restriction;

        b.      any party may use and disclose, without restriction, Information obtained through other independent sources outside the scope of discovery in this proceeding;

        c.      counsel for the parties shall be permitted to rely on any Information in the course of rendering advice to their clients, *provided that*, in rendering such

advice, counsel shall not be permitted to disclose any other party's Confidential Information or Highly Confidential Information other than as provided in this Order; and

        d.     any party or non-party, and their respective counsel, may disclose another party's Confidential Information or Highly Confidential Information as required by law or applicable professional standards.

        e.     For purposes of subsection a. of this paragraph B.5, however, Information that is designated as Confidential Information or Highly Confidential Information by an Original Supplying Party pursuant to paragraph A.5 above shall be considered the Information of the Original Supplying Party only, and not Information of any the non-party or non-parties that may also have been a Supplying Party with respect to such Information.

        f.     Furthermore, for purposes of subsection d. of this paragraph B.5, if any party concludes that disclosure of Confidential Information of Highly Confidential Information is required by law or any applicable professional standards, such party shall inform the Supplying Party of its conclusions and the bases for those conclusions as soon as possible, but in no event less than five (5) business days before such disclosure is made, to provide the Supplying Party the opportunity to seek appropriate relief from the Court to prevent such disclosure.

        6.     Each person given access to Information designated as Confidential Information or Highly Confidential Information shall be advised that such Information is being disclosed pursuant and subject to, and may not be further disclosed other than as authorized by, the terms of this Order. Prior to the disclosure of any Highly Confidential Information to the persons identified in paragraph B.3.b, counsel will take it upon themselves to explain to each such person the sensitive nature of the Information disclosed and each such

person will be required to provide counsel with a verbal assurance that he or she understands his or her obligations with respect to such Highly Confidential Information. Moreover, prior to disclosure of any Confidential Information or Highly Confidential Information to the persons identified in paragraphs B.2.c, B.2.e, B.2.f, and B.2.g hereof, each such person shall first be required to (a) read this Order; (b) sign a copy of the Confidentiality Agreement annexed hereto as Exhibit A; and (c) receive a copy of this Order. The executed Confidentiality Agreements shall be filed with and retained by the attorneys of record for each party employing them until further order of the Court or stipulation by the parties.

       7.      The production or disclosure during discovery of Information protected from disclosure by the attorney-client privilege, work product doctrine, or any other protection from disclosure ("Protected Material") shall not be deemed a waiver by the Supplying Party solely by virtue of the initial production itself. If Protected Material is produced or disclosed, promptly upon discovering such production or disclosure, the Supplying Party must provide written notice to all parties of the disclosure and demand return of the Protective Material ("the Protected Material Notice"). If any party to this litigation objects to the designation of any Information as Protected Material within ten business days of receiving the Protected Material Notice, the parties shall first try to dispose of such dispute in good faith through a "meet and confer" process (either in person or by telephone). If the dispute cannot be resolved through that process, either party may, on notice to all other parties, apply to the Court for appropriate relief. Until the dispute is resolved either amicably by the parties, or by Order of the Court, all recipients of the Protected Material shall not use it (or information in it) in any litigation, nor permit it to be copied, distributed or otherwise disclosed to any other person. If the Court finds that the Protected Material is privileged or otherwise protected and that the

Supplying Party exercised reasonable diligence in discovering the production and requested the return of the Protected Material, the Court may direct the return of the Protected Material and all copies thereof to the Supplying Party, preclude the use of the Protected Material and any Information contained therein for any purpose in this or any related litigation, and order such other relief as the Court deems necessary and appropriate.

8. Within thirty (30) days after the settlement or final adjudication, including appeals, of this action, all Confidential Information and Highly Confidential Information supplied by any Supplying Party, and all copies thereof, shall be returned to the Supplying Party (if the Supplying Party so requests within fifteen (15) days of the conclusion of the actions and pays the reasonable costs of such return) or shall be certified to have been destroyed by each party receiving such Confidential Information or Highly Confidential Information; provided, however, that:

   a. each party may retain a complete file of all court papers served or filed with the Court in this action;

   b. the attorneys for any party receiving Confidential Information or Highly Confidential Information may retain Information as part of the official litigation file for this case; ; and

   c. all Confidential Information and Highly Confidential Information not returned or destroyed pursuant to this paragraph shall remain in all respects subject to the terms and provisions of this Order.

9. This Order shall not be construed as a waiver by any party of: (a) any objection to discovery on grounds other than the confidentiality of discovery sought; or (b) any privilege recognized by law. This Order also shall not be construed to require the deposition

11

12

of any non-testifying expert or consultant or require any such person to be the subject of discovery other than as provided for under the Federal Rules of Civil Procedure.

10. The termination of this action shall not relieve the parties from complying with the use and disclosure limitations imposed by this Order and the Court shall retain jurisdiction to enforce this Order.

11. This Order shall be binding upon all current and future parties in this action.

12. This Order may be executed in counterparts, each of which shall be treated as an original, but all of which, taken together, constitute one and the same document.

13. This Order shall not apply to the submission or filing of Confidential Information or Highly Confidential Information at trial. The parties agree that they will, in advance of the Preliminary Injunction Hearing, any evidentiary hearing, or the trial in this matter, negotiate in good faith concerning an appropriate procedure to propose to the Court for the treatment of Confidential Information or Highly Confidential Information at such hearing or trial. In the event the parties cannot agree to such a procedure to propose to the Court, each party shall be free to apply to the Court for the entry of an order concerning the treatment of its Confidential Information or Highly Confidential Information at trial.

US_ACTIVE:\44338831\4\74629.0003

Dated: New York, New York
       November ___, 2013

The following parties stipulate to entry of this Order:

**For Plaintiffs Smart City Holdings, LLC and Smart City Networks, L.P.**

By: _____          Date: __11/4/13__
    Paul R. Hejmanowski
    A. William Maupin
    Christopher Matthews
    Marla J. Hudgens
    Lionel Sawyer & Collins
    300 South Fourth Street, 17th Floor
    Las Vegas, Nevada  89101

and

    Bruce S. Meyer
    Jessie B. Mishkin
    Kimberly M. Rosensteel
    Weil, Gotshal & Manges LLP
    767 Fifth Avenue
    New York, NY 10153

**For Defendant ShowNets, LLC**

By: _____          Date: _____

**For Defendant Scott Nussbaum**

By: _____          Date: _____

SO ORDERED:

Dated: _____       _____
                                              Hon. George W. Foley
                                              United States District Judge

13

Dated: New York, New York
       November ____, 2013

The following parties stipulate to entry of this Order:

**For Plaintiffs Smart City Holdings, LLC and Smart City Networks, L.P.**

By: _____          Date: __11/4/13__
    Paul R. Hejmanowski
    A. William Maupin
    Christopher Matthews
    Marla J. Hudgens
    Lionel Sawyer & Collins
    300 South Fourth Street, 17th Floor
    Las Vegas, Nevada 89101

and

Bruce S. Meyer
Jessie B. Mishkin
Kimberly M. Rosensteel
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153


**For Defendant ShowNets, LLC**

By: __David Hamer #8106__               Date: __11/5/13__

**For Defendant Scott Nussbaum**

By: _____           Date: _____


SO ORDERED:

Dated: _____
                                        _____
                                        Hon. George W. Foley
                                        United States District Judge

13

Dated: New York, New York
       November ____, 2013

The following parties stipulate to entry of this Order:

**For Plaintiffs Smart City Holdings, LLC and Smart City Networks, L.P.**

By: _____          Date: 11/4/13
    Paul R. Hejmanowski
    A. William Maupin
    Christopher Matthews
    Marla J. Hudgens
    Lionel Sawyer & Collins
    300 South Fourth Street, 17th Floor
    Las Vegas, Nevada 89101

and

Bruce S. Meyer
Jessie B. Mishkin
Kimberly M. Rosensteel
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

**For Defendant ShowNets, LLC**

By: _____          Date: _____

**For Defendant Scott Nussbaum**

By: _____          Date: 11/6/2013

                                       SO ORDERED:

Dated: November 18, 2013               _____
                                       Hon. George W. Foley
                                       United States District Judge

13

# EXHIBIT A

Confidentiality Agreement Pursuant to Stipulation and Protective Order in *Smart City Holdings, LLC and Smart City Networks, L.P. vs. showNets, LLC and Scott Nussbaum*, Case No. 2:13-cv-01751-GMN-GWF ("this litigation")

I, _____, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I understand that I am to be given access to documents and/or information designated "Confidential Information" pursuant to the Stipulation and Protective Order in this litigation. I have read the Stipulation and Protective Order, understand its terms, and agree to be bound by them.

2. To secure my compliance with the Stipulation and Protective Order, I hereby consent to: (a) the exercise of jurisdiction over me by the Court hearing this litigation; and (b) the service of any papers to secure my compliance with, or to otherwise enforce, the Stipulation and Protective Order by any form of mail or delivery requiring a signed receipt. The foregoing consents to jurisdiction and service are intended to permit exercise of jurisdiction in addition to, and not in lieu of, that exercised by any court of competent jurisdiction.

3. My address for purposes of serving or delivering any papers relating to this Confidentiality Agreement or to the Stipulation and Protective Order is _____.

Executed on _____, 20___ at _____.

_____
[Printed Name]